IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRISTINE R. JENKINS                                                    PLAINTIFF

v.                              Civil No. 09-2153

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Cristine Jenkins, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying her claim for supplemental insurance ("SSI") under Title XVI of the Social Security Act

(hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the

court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.      Procedural Background:

The plaintiff filed her application for SSI on February 3, 2004[1], alleging an amended

onset date of February 3, 2004, due to migraine headaches, back pain, borderline intellectual

functioning, and mood and personality disorders.  Tr. 71-74, 79, 99-100.  Her applications were

initially denied and that denial was upheld upon reconsideration.  Tr. 30, 38, 41, 47, 4p.   On

June 20, 2006, the ALJ rendered an unfavorable decision.  Tr. 12-24.  Following denial of

Appeal's Council Review, this matter was appealed to the Eastern District of Oklahoma, and on

December 13, 2007, was remanded to the Commissioner for further proceedings.  Tr. 717-725.

The Court found that the medical record did not provide a basis for finding Plaintiff continued

---

[1]Plaintiff had filed previous applications for SSI On January 11, 1999, and November 1, 2001, the last of which was denied on March 26, 2002.  Tr. 14.

AO72A
(Rev. 8/82)

to abuse alcohol or drugs after January 2004, and as such, substantial evidence did not support the ALJ's findings.  Tr. 722.

On August 7, 2008, a supplemental administrative was held.  Tr. 847-880.  Plaintiff was present and represented by counsel.  At the hearing, Plaintiff amended her onset date from August 5, 2000, to February 3, 2004.  Tr. 859.

At this time, plaintiff was 33 years of age and possessed a seventh grade education.  Tr. 852-853.  She had past relevant work ("PRW") experience as a waitress and store cashier/checker.  Tr. 82-89, 91-98, 100-101.

On September 26, 2008, the ALJ found that plaintiff's mood and personality disorders were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 713-714.  After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: no work involving driving, secondary to her history of mood/anxiety disorder and she could perform only work involving non-complex, simple instructions, little judgment, tasks which could be learned by rote, having few variables, as well as routine and repetitive activities requiring only superficial contact with the public/co-workers incidental to the work being performed and involving supervision which is concrete, direct, and specific.  Tr. 714-715. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a housekeeper or poultry worker.  Tr. 716.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 31, 2009.  Tr. 508-510.  Subsequently, plaintiff filed this action.  ECF No. 1.

AO72A
(Rev. 8/82)

This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.   ECF No. 12, 13.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

AO72A
(Rev. 8/82)

1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.    **Discussion:**

Before addressing the evidence, the Court deems it important to note that the relevant time period in this case is limited.  SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed.  *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991).  Therefore, plaintiff must prove that her disability commenced on or after February 3, 2004, her alleged onset date, and continued through the date of the ALJ's decision.

Plaintiff submitted additional medical evidence to the Appeals Council.  Tr. 508-705. We note that the Appeals Council must consider additional evidence if it is new and material and

4

relates to time period before ALJ's decision.  *See*  20 C.F.R. § 404.970(b); *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990).  However, the timing of the evidence is not dispositive of whether the evidence is material.  *Id.*  To be material, evidence obtained after an ALJ decision need only relate to the claimant's condition on or before the date of the ALJ's decision.  *See Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).  Therefore, medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision.  *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review.  Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made.  *See, e.g., Nelson,* 966 F.2d at 366, and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992).  Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

The evidence at issue in this case is dated September 23, 2008, through February 2009. The ALJ issued her final opinion on September 26, 2008.  We note that the evidence dated during the relevant time period has established that Plaintiff suffers from bipolar disorder, depression, and anxiety.  The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment.  *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996).  Evidence of symptom-free periods, which may negate the finding of a physical

5

disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

Plaintiff was hospitalized in January 2004, due to threats of suicide and homicidal ideations toward her ex-husband. Tr. 191-199. There are various records indicating that Plaintiff was treated for her mental impairments via various medications. The additional evidence reveals as follows. On September 23, 2008, Plaintiff complained of nervousness, anxiety, and paranoia. Tr. 694-697. The doctor noted her to be both tearful and anxious. She was diagnosed with anxiety and given a Haldol injection. Tr. 694-697.

On September 24, 2008, Plaintiff presented in the emergency room with continued complaints of nervousness. Tr. 690-693. Her hands were wet with sweat and she stated that she felt "very weird and tired," but could not go to sleep. However, Plaintiff left the emergency room before being seen by a doctor. Tr. 693.

AO72A
(Rev. 8/82)

On February 12, 2009, Plaintiff was hospitalized for five days following a suicide attempt via drug overdose. Tr. 543-594. Records indicate she overdosed on Xanax and Hydrocodone. She was found unconscious and brought to the hospital for treatment. Initially, Plaintiff admitted to the overdose. However, upon admission, she denied any attempt at suicide. Plaintiff stated that she had been given some sleeping pills by her neighbor and only remembered taking the pills and going to bed. Her friend stated that she found Plaintiff in her kitchen, unconscious and wearing only her pants with the refrigerator door standing open and pills scattered on the floor. Plaintiff responded to Narcan and therapy. She was diagnosed with a multi-drug overdose, suicide attempt, bipolar disorder, and degenerative joint disease. On the day of her release, Plaintiff went to court and was committed to St. Vincent's Psychiatric facility in Little Rock. Tr. 543-594.

On February 17, 2009, Plaintiff was admitted to St. Vincent's Psychiatric facility. Tr. 595-687. She was extremely depressed, but continued to object to the thought that she was trying to kill herself, even though she took a combination of Xanax, Hydroxyzine, Phenergan, and a couple of over-the-counter sleeping pills. A urine drug screen was also positive for marijuana. Plaintiff stated that she was bipolar and could control her mood swings without medication. However, following a biopsychosocial evaluation, she was started on Lithium Carbonate, Citalopram, and Restoril. Plaintiff was able to discharge home on February 19 with these medications. Dr. John Downs assessed her bipolar disorder and a discharge GAF of 50. Tr. 595-687.

While the record does make clear that this evidence was considered by the Appeals Council, when considered in combination with the other evidence of record, we believe remand

7

is warranted.  We find that the newly submitted evidence is both relevant and material, in that

it shows a continuing pattern of mental instability and illness that is relevant to a determination

of Plaintiff's ability to perform work related activities "in the sometimes competitive and

stressful conditions in which real people work in the real world." *See McCoy,* 683 F.2d at 1147.

In her opinion, the ALJ concluded that Plaintiff had experienced no episodes of mental

decompensation, although RFC assessments and records from January 2004, indicate otherwise.

Tr. 191-199, 212-230.  We also note both Dr. Spray's and Dr. Walz's 2004 assessments that

Plaintiff's prognosis was guarded and that she would likely be subject to periods of relapse.  Tr.

200-207, 208-212.  Further, her global assessment of functioning ("GAF") score has been

consistently rated at a 45-50, which is indicative of a serious impairment in social, occupational,

or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-

TR 34 (4th ed. 2000).  During periods of hospitalization, her GAF was even rated as low as 17,

which indicates the persistent danger of severely hurting one's self or others. *Id*.  This does not,

however, seem to have been accounted for in the ALJ's RFC assessment.  Therefore, we believe

that remand is necessary to allow the ALJ to review the newly submitted evidence, as we believe

it likely would have impacted the her decision, had it been before her.  A new RFC assessment

should also be determined, based on the entirety of the evidence.

We also note that, while Plaintiff had not consistently taken her medications or sought

out mental health treatment, records do indicate that she had no insurance and no financial means

to obtain treatment.  Plaintiff testified that she was receiving indigent mental health treatment

at the Good Samaritan Clinic.  However, they had begun charging $30.00 per appointment for

their services and indicated that they could no longer treat her problems.  Tr. 864. 876.  She

8

stated that she did not have the money to pay for her appointments plus medication, so she had resorted to using the emergency room for treatment when necessary. The Eighth Circuit has held that a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be an independent basis for finding justifiable cause for noncompliance. *See Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984). As this does not appear to be the average case wherein the Plaintiff does not seek out indigent medical care or where the Plaintiff has never been refused medical treatment due to financial reasons, we believe that remand is also necessary to allow the ALJ to consider Plaintiff's lack of financial resources.

### IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)